2020 PA Super 240

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL MCLAUGHLIN | |
| Appellant | No. 2793 EDA 2019 |

Appeal from the PCRA Order September 27, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0303571-2006

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.*

OPINION BY STABILE, J.:                    **FILED SEPTEMBER 28, 2020**

Appellant, Michael McLaughlin, appeals from an order denying his petition seeking *coram nobis* relief on the ground that the judge who presided over his trial should have recused himself because he himself was under criminal investigation at the time of trial.  We affirm.  *Coram nobis* relief is unavailable because claims of judicial bias are only cognizable under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Furthermore, PCRA relief is unavailable because Appellant has completed service of his sentence.

On September 4, 2007, following a four-day trial in which Appellant represented himself, the jury found Appellant guilty of stalking his former girlfriend.  The Honorable Willis Berry sentenced him to 2-4 years'

_____

* Retired Senior Judge assigned to the Superior Court.

imprisonment followed by 3 years' probation.  On November 8, 2010, this Court affirmed Appellant's judgment of sentence ("**McLaughlin I**").  On April 7, 2011, the Supreme Court denied his petition for allowance of appeal.

In 2012, Appellant filed a PCRA petition and amended it several times. Appellant argued, *inter alia*, that trial counsel provided ineffective assistance by failing to object to the pre-trial waiver of counsel colloquy.  On May 29, 2014, following an evidentiary hearing, the PCRA court denied Appellant's petition.  Appellant timely appealed to this Court at 1965 EDA 2014.

While his appeal was pending, Appellant filed a second PCRA petition in July 2014 alleging that Judge Berry's own arrest and criminal prosecution in 2014 proved that he was biased against Appellant at the time of Appellant's trial in 2007.  In September 2014, the PCRA court dismissed Appellant's second PCRA petition.

In his appeal at 1965 EDA 2014, Appellant argued both that trial counsel was ineffective in connection with the pre-trial waiver of counsel colloquy and that Judge Berry exhibited bias on behalf of the Commonwealth because he knew he was the subject of a criminal investigation.  In a memorandum on December 8, 2015, this Court affirmed the May 29, 2014 order denying PCRA relief.  In the course of this memorandum, we held that Appellant could not obtain PCRA relief because he had completed service of his sentence in this case. We added in *dicta* that assuming Appellant's claim was cognizable under the PCRA, it lacked merit because Judge Berry did not become aware of the criminal investigation against him until two years after Appellant's trial.

*Commonwealth v. McLaughlin* ("*McLaughlin II*"), 1965 EDA 2014, at 10-11 (Pa. Super., December 8, 2015) (memorandum).

On June 3, 2016, Appellant filed a third PCRA petition, alleging again that he was denied a fair trial because Judge Berry was biased against him at the time of trial in 2007. On March 20, 2017, the PCRA court dismissed Appellant's petition without a hearing. On November 21, 2018, this Court affirmed on the ground that Appellant was ineligible for PCRA relief because he was no longer serving a sentence for his stalking conviction. *Commonwealth v. McLaughlin* ("*McLaughlin III*"), 1249 EDA 2017, at 4-5 (Pa. Super., November 21, 2018) (memorandum).

On November 27, 2018, Appellant filed the petition presently under review, a petition for writ of *coram nobis*. Once again, Appellant contended that he was denied a fair trial because Judge Berry presided over his trial while he was under criminal investigation. Appellant argued that he had the right to seek *coram nobis* relief because this Court held that PCRA relief was no longer available. The court appointed counsel, who filed a "no merit" letter and sought leave to withdraw under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).[1] On September 27, 2019, the court dismissed Appellant's petition and granted counsel leave to withdraw. This appeal followed.

_____

[1] We have reviewed counsel's "no merit" letter and motion for leave to withdraw and note that it complies with the technical requirements of *Turner* and *Finley*.

- 3 -

Appellant raises a single issue on appeal: "Did the lower court commit an error of law by denying Appellant's writ of *coram nobis* without a hearing?" Appellant continues to raise the same issue that he has raised unsuccessfully in prior appeals: he is entitled to relief because Judge Berry was biased against him due to his own criminal investigation. Since we held in **McLaughlin II** and **III** that Appellant is not eligible for relief under the PCRA, Appellant now seeks relief through a different and rarely used mechanism: a writ of *coram nobis*. No relief is due.

A writ of *coram nobis* "is generally available to challenge the validity of a judgment based on facts not before the court when the judgment was entered." **Commonwealth v. Descardes**, 136 A.3d 493, 494 n.1 (Pa. 2016). This writ "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief." **Chaidez v. U.S.**, 568 U.S. 342, 345 n.1 (2013).

However, the law prohibits petitioners from using *coram nobis* as an end run around the PCRA. To explain, it is well-settled that "where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." **Descardes**, 136 A.3d at 503. The fact that PCRA relief no longer is available does not mean that *coram nobis* becomes a viable avenue for relief. **Id.** If the claim was cognizable under the PCRA, it cannot be revived through a writ of *coram nobis*. **Id.** It is equally well-settled that relief is unavailable under the PCRA unless the defendant is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. §

9543(a)(1)(i). Thus, when the defendant raises a claim that is cognizable under the PCRA, but he has completed service of his sentence, he is ineligible for relief under the PCRA. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 721 (Pa. 1997).

Presently, Appellant seeks *coram nobis* relief on the ground that Judge Berry was biased against him. No relief is available. Judicial bias is a violation of due process. ***Commonwealth v. Kohler***, __A.3d__, 2020 WL 1973876, *9 (Pa., Apr. 24, 2020) ("due process demands the absence of judicial bias," so litigant's due process rights are violated if biased appellate judge decides fate of his appeal); ***In Re Murchison***, 349 U.S. 133, 139 (1955) (judicial bias of trial judge constituted due process violation). Due process violations are cognizable under the PCRA as "violation[s] of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i). Thus, claims of judicial bias are cognizable under the PCRA and cannot serve as the basis for *coram nobis* relief. Moreover, as discussed above, Appellant cannot obtain PCRA relief on his judicial bias claim because he has completed service of his sentence.

Therefore, we affirm the order dismissing Appellant's petition for *coram nobis* relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/20