J-A06029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CHRISTOPHER L. THORNHILL :
:
Appellant : No. 880 WDA 2021

Appeal from the PCRA Order Entered July 14, 2021
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000471-2012

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: June 3, 2022**

Christopher L. Thornhill ("Thornhill") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

We set forth the relevant factual and procedural history as follows. In 2011, Shane Glatt ("Glatt") and Richard White ("White") stole a safe containing money and drugs from Thornhill's bedroom. Thornhill learned of the theft and the whereabouts of Glatt and White. After locating them, Thornhill shot Glatt in the legs, buttocks, ankle, and groin area, and shot White in the back, paralyzing him below the waist. Police arrested Thornhill and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

charged him with two counts of attempted homicide, and related offenses at docket 579 of 2011; and receiving stolen property (the gun used in the shootings) at docket 471 of 2012. The case proceeded to a consolidated jury trial, at the conclusion of which, the jury convicted Thornhill of all charges except the attempted homicide of White.

At docket 471 of 2012, the trial court sentenced Thornhill to five to ten years of imprisonment for receiving stolen property, to be served consecutively to the sentence imposed at docket 579 of 2011.[2] This Court affirmed Thornhill's judgment of sentence, and our Supreme Court denied allowance of appeal on November 25, 2014. *See Commonwealth v. Thornhill*, 105 A.3d 779 at \*2 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 4 (Pa. 2014). Thornhill filed a timely PCRA petition which the PCRA court denied following an evidentiary hearing. This Court affirmed the denial. *See Commonwealth v. Thornhill*, 179 A.3d 571 (Pa. Super. 2017) (unpublished memorandum). Thornhill did not petition for allowance of appeal in our Supreme Court.

On June 7, 2021, Thornhill filed a *pro se* "Motion to Dismiss Pursuant to Pa.R.Crim.P. Rule 600/Writ of *Habeas Corpus*." Thornhill alleged therein that the lack of an arrest warrant, preliminary arraignment, and preliminary

---

[2] The trial court imposed an aggregate sentence of forty to eighty years of imprisonment for the attempted murder and related offenses at docket 579 of 2011. That sentence is not at issue in this appeal.

hearing deprived the trial court of jurisdiction over his case, and that this lack of jurisdiction violated his "due process" rights and rendered the prosecution "illegal and *void ab initio*." **See** PCRA Petition, 6/7/21, at ¶¶ 23, 25, 27.

The PCRA court construed Thornhill's motion as a second PCRA petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition. Thornhill did not file a response, and the court dismissed the petition on July 14, 2021. Thornhill timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Thornhill raises the following issue for our review:

Did the lower court err when it failed to [] address the issue before it[, *i.e.,*] that [Thornhill] was never arraigned on the charges before [the] court and[,] [therefore,] the entire . . . prosecution was thereafter illegal[;] and when [Thornhill] attempted to present this claim, it was immediately [sic] dismissed as an untimely PCRA [petition]?

Thornhill's Brief at 3 (unnumbered).

Our standard of review of an order dismissing a PCRA petition is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

---

[3] In *lieu* of a Rule 1925(a) opinion, the PCRA court adopted its Rule 907 notice of its intent to dismiss the petition.

- 3 -

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. Super. 2018) (internal citation and quotations omitted).

The PCRA is intended to be the sole means of achieving post-conviction collateral relief. *See Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." *Id*. at 466. Therefore, the PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief . . . regardless of the manner in which the petition is titled." *Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (internal citation and quotations omitted) (noting that the PCRA generally "encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*") (italics added); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (explaining that regardless of how a petition filed after a judgment of sentence is titled, courts must treat it as a PCRA petition if it seeks relief contemplated by the PCRA).

Under the PCRA, any petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are

jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proved a timeliness exception, the petition must be dismissed without a hearing, because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **See Taylor**, 65 A.3d at 468.

Thornhill argues the PCRA court erred by treating his motion as a PCRA petition and dismissing it. He claims his "entire sentencing procedure was illegal," because there was no arrest warrant, preliminary arraignment, or preliminary hearing; and, therefore, the PCRA does not apply, given "his entire case was not legally prosecuted in the first[] place." Thornhill's Brief at 9-10, 17-16. Thornhill additionally argues that, because his motion was not a PCRA petition, the PCRA court erred in dismissing it, as "timeliness is not an issue." Thornhill's Brief at 19.

The PCRA court considered Thornhill's issue and concluded that Thornhill's claim was cognizable under, and thus subject to, the PCRA, because

the PCRA is the sole means of obtaining collateral relief and encompasses all other remedies, including *habeas corpus*. ***See*** Rule 907 Notice, 6/9/21, at 1 (unnumbered). The court additionally explained that Thornhill filed the petition "several years after the judgment of sentence became final, [and did] not allege the existence of a timeliness exception . . .." ***Id***. The court thus concluded that it did not have jurisdiction over Thornhill's untimely petition. ***Id***. at 2.

Based on our review, we conclude that the PCRA court's determinations are supported by the record and free of legal error. The PCRA subsumes Thornhill's constitutional and jurisdictional claims. ***See*** 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(i), (viii); ***see also Commonwealth v. McLaughlin***, 240 A.3d 980, 983 (Pa. Super. 2020) (holding that allegations of due process violations are cognizable under the PCRA), ***appeal denied***, 250 A.3d 469 (Pa. 2021); ***Commonwealth v. McNeil***, 665 A.2d 1247, 1251 (Pa. Super. 1995) (noting that the PCRA "permits inquiry into whether a specific tribunal lacked jurisdiction to conduct a particular proceeding"). Therefore, the PCRA court properly construed Thornhill's motion as a PCRA petition. ***See Taylor***, 65 A.3d at 465.

The PCRA court also properly concluded Thornhill's petition was untimely. This Court affirmed Thornhill's judgment of sentence on direct review, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on November 25, 2014. He did not seek relief in the United States

Supreme Court. Therefore, his judgment of sentence became final upon the expiration of the ninety-day period in which to file an appeal in the United States Supreme Court, *i.e.*, on February 23, 2015. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13.1. Thornhill thus had until February 23, 2016 to file a timely PCRA petition. Accordingly, his present PCRA petition, filed on June 7, 2021, is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(1), (3). Thornhill failed, though, to plead any timeliness exceptions under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1), (3). Accordingly, the PCRA court properly concluded that it lacked jurisdiction to entertain Thornhill's petition. **See** **Taylor**, 65 A.3d at 468. As such, Thornhill's issue warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2022

- 7 -