J-A17045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
:
v.                                    :
:
:
:
RAHEEM GILLARD                        :
:
Appellant          :   No. 2588 EDA 2021

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004250-2018

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 12, 2022**

Appellant, Raheem Gillard, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.*  PCRA relief is unavailable because Appellant has completed service of his sentence.  We affirm.

During a car stop on April 24, 2018, police found Appellant in possession of 167 Ziploc bags of heroin and three Ziploc bags of cocaine.  N.T. 1/31/19, 7-8.  On January 31, 2019, Appellant pleaded guilty to possession of a controlled substance with intent to deliver ("PWID") as an ungraded felony. *Id.* at 5, 9.  In exchange for the plea, the Commonwealth agreed to recommend a sentence of six to twenty-three months of imprisonment, to be followed by two years of probation, with parole effective as of October 24,

_____

[*] Retired Senior Judge assigned to the Superior Court.

J-A17045-22

2018. Four-Page Written Guilty Plea Colloquy, 1/31/19, 1. On the same day as the plea hearing, the lower court imposed the recommended sentence. Sentencing Order, 1/31/19, 1; N.T. 1/31/19, 10. Appellant did not file a post-sentence motion or an appeal.

On November 20, 2020, Appellant filed a *pro se* PCRA petition claiming that the imposition of a sentence including separate imprisonment and probation components constituted a double jeopardy violation. *Pro Se* PCRA Petition, 11/20/20, §§ 5(ii), 6(A), 6(C). Following the appointment of counsel, Appellant tried to engage in hybrid representation by filing a *pro se* amended PCRA petition in which he alleged that he was detained by the police without probable cause prior to the discovery of the recovered contraband. *Pro Se* Amended PCRA Petition, 3/4/21, 1-2. Realizing that the petition was untimely and that no exceptions to the PCRA's time-bar provision applied to establish jurisdiction for substantive review of the claims raised in the *pro se* filings, PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), along with a motion to withdraw as counsel.[1] **Finley** No-Merit Letter, 6/10/21, 2-5.

_____

[1] In the alternative, counsel conceded that the double jeopardy claim was meritless, and the suppression claim was previously litigated so any related ineffective assistance of counsel claim involving the failure to raise a suppression claim was meritless. **Finley** No-Merit Letter, 6/10/21, 7-10.

We have reviewed counsel's no-merit letter and motion for leave to withdraw and note that they complied with the technical requirements of **Finley** and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

- 2 -

After no *pro se* response was filed, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Rule 907 Notice, 10/6/21, 1. After no further response was filed, the PCRA court formally dismissed the petition as "untimely and meritless" and permitted counsel to withdraw from his representation of Appellant. Short Certification, 11/19/21, 1; Dismissal Order, 11/22/21, 1. With the assistance of newly-retained counsel, Appellant timely filed a notice of appeal and a court-ordered statement of matters complained of on appeal. Notice of Appeal, 12/8/21, 1; Rule 1925(b) Order, 12/14/21, 1; Rule 1925(b) Statement, 12/28/21, 1-2.

On appeal, Appellant raises entirely new issues for our review:

[I.] Did the PCRA court err in dismissing the PCRA petition as being without merit as[,] at the guilty plea[ hearing], there was an insufficient factual basis for the PWID charge as the recitation of facts did not include sufficient evidence for the intent-to-distribute element[?] The Commonwealth's recitation lacked that a narcotics expert would testify that the heroin/cocaine-base were possessed for distribution, and the recitation did not otherwise state that the heroin/cocaine-base were possessed under circumstances indicating the intent to distribute. Therefore, there was an inadequate on-the-record demonstration that Appellant understood the intent-to-distribute element for PWID[.]

Moreover, did the PCRA court err in dismissing the PCRA petition as PCRA counsel was ineffective for not raising this issue in an amended petition, plea-counsel was ineffective[,] and the trial court erred by not ensuring the record clearly reflected that Appellant understood the intent to distribute element of PWID[?] As a result, the guilty plea was not knowingly and intelligently entered into[.]

[II.]   Should a time-bar exception be made where Appellant filed a facially untimely PCRA petition that does not directly satisfy one of the time-bar exceptions to the PCRA, as Appellant was unaware of the time limitations in which to file a PCRA [petition?]   As the purpose of Pa.R.Crim.P. 704(C)(3) is to ensure fair sentencing procedures, Appellant asserts that due process requires that in addition to being advised of the right to file a post-sentence motion and appeal, he should also be advised at sentencing of the PCRA's one[-]year time constraint, and that in the interest of justice and pursuant to notions of fair play, his petition should be deemed timely filed, *nunc pro tunc*[.]

Appellant's Brief at 8 (answers of the lower court omitted; parts cleaned up in brackets).

Before we may address any of the issues raised on appeal, we must determine whether Appellant is eligible for collateral relief.   Section 9543(a)(1)(i) of the PCRA provides that, to be eligible for relief, a petitioner must "plead and prove by a preponderance of the evidence … [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is **at the time relief is granted[,] currently serving a sentence of imprisonment, probation or parole for that crime**."   42 Pa.C.S. § 9543(a)(1)(i) (emphasis added); **see Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) (noting that "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute").

Here, it appears from our review of the record that Appellant finished serving his sentence before this matter was placed on our submit panel.   While the sentencing order in this case notes that the sentence "shall commence" on the date of the sentencing, it also indicates that parole became effective

- 4 -

on October 24, 2018. Sentencing Order, 1/31/19, 1. As the court noted that Appellant received credit for time served and the parole became effective on October 24, 2018, *see* N.T. 1/31/19, 10, the lower court clearly calculated that Appellant began serving his six-month minimum imprisonment sentence on the date of his arrest. Based on that calculation, Appellant ceased serving parole on March 24, 2020, and ceased serving probation on March 24, 2022. Accordingly, Appellant became ineligible for relief under the PCRA slightly more than one month after Appellant filed his appellate brief and almost four months before this matter was submitted to this Court's panel. To the extent that this Court may be possibly miscalculating the end date for Appellant's probation sentence, we additionally note that the trial court's docket includes an entry for an "order terminating probation" on May 27, 2022.

Even assuming *arguendo* that Appellant's claim on appeal was cognizable, any review by this Court would be moot because he is no longer eligible for PCRA relief where he has finished serving his sentence. ***See, e.g., Commonwealth v. McLaughlin***, 240 A.3d 980, 983 (Pa. Super. 2020) ("when the defendant raises a claim that is cognizable under the PCRA, but he has completed service of his sentence, he is ineligible for relief under the PCRA"). The fact that his sentence expired after the PCRA court entered the order denying him relief does not change this outcome.[2] ***See***

---

[2] The parties did not contemplate the impending completion of Appellant's sentence in their briefs, and we note that our review of the certified record finds no improper procedural delay in the transmittal of the record to our Court.

*Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-113 (Pa. Super. 2016) (holding that the requirement that a petitioner for postconviction relief be currently serving a sentence applies where the lower court's order was issued while the petitioner was still serving a sentence, but the sentence terminated prior to the resolution of the appeal from the dismissal of his post-conviction petition).  Therefore, consistent with *Ahlborn*, we affirm the order dismissing Appellant's PCRA petition.[3]

Order affirmed.  Jurisdiction relinquished.

---

[3] In the alternative, we note that we would be inclined to agree with PCRA counsel's conclusion that the lower court properly dismissed Appellant's petition as untimely and the Commonwealth's conclusion that the claim on appeal also fails to establish a basis for jurisdiction.  Appellant's instant complaints about the content of his guilty plea colloquy and the plea court's notice pursuant to Pa.R.Crim.P. 704(C)(3) could not have formed the basis of any hypothetical argument for the application of a time-bar exception where Appellant's combined guilty plea and sentencing hearing happened almost two years before Appellant raised his appellate claim for the first time in his Rule 1925(b) statement.  *See* 42 Pa.C.S. § 9545(b)(2) (any petition invoking a time-bar exception under Section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented"); *see also Commonwealth v. Kennedy*, 266 A.3d 1128, 1136 n.11 (Pa. Super. 2021) ("the PCRA time requirements must be strictly construed and do not permit equitable exceptions") (citation omitted).  Moreover, a related claim of ineffective assistance of counsel concerning the failure to raise his instant claim about the guilty plea colloquy and the Rule 704(C)(3) notice would not independently provide a basis for a time-bar exception.  *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/12/2022</u>