J-S20033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA EVERETT YOUNG | : | |
| | : | |
| Appellant | : | No. 2658 EDA 2022 |

Appeal from the PCRA Order Entered October 5, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000560-1983

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA EVERETT YOUNG | : | |
| | : | |
| Appellant | : | No. 2659 EDA 2022 |

Appeal from the PCRA Order Entered October 5, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000561-1983

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA EVERETT YOUNG | : | |
| | : | |
| Appellant | : | No. 2660 EDA 2022 |

Appeal from the PCRA Order Entered October 5, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000614-1983

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 14, 2023**

Appellant, Dana Everett Young, appeals *pro se* from the order dismissing his petition for writ of *habeas corpus* as an untimely tenth petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.* He asserts that he was entitled to relief because prior counsel had abandoned him and caused him to proceed without counsel for appeals from two prior denials of post-conviction relief. Because his claims concerning prior counsel abandonment are cognizable under the PCRA, the lower court properly treated his instant petition as a PCRA petition. We must affirm the dismissal of the untimely petition where Appellant failed to plead and offer to prove an applicable exception to the PCRA's jurisdictional time-bar.

In separate incidents in January of 1983, Appellant forced a woman to engage in oral, vaginal, and anal intercourse at knifepoint in a wooded area, and forced another woman into a car at knifepoint and made that victim touch his penis after he touched her intimate parts. N.T. 9/21/83, 50, 53-55, 58-70, 82; 9/23/83, 225-36, 247-48. He robbed the first victim of $70.00 and, after taking a purse containing a nominal amount of money from the second victim, that victim fled as he was taking her to a bank for more money. N.T. 9/21/83, 63-64, 79; 9/23/83, 233-34. He pulled on the hair of both victims, successfully ripping hair from the second victim's scalp. N.T. 9/21/83, 59, 69-

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

70, 80; 9/23/83, 233, 236. He broke the wrist of the first victim when he initially knocked her to the ground. N.T. 9/23/83, 230, 237-38, 248.

After a consolidated trial, a jury found Appellant guilty of: (1) rape, involuntary deviate sexual intercourse, robbery, theft by unlawful taking, theft by receiving stolen property, terroristic threats, unlawful restraint, aggravated assault, and possessing an instrument of crime at CP-39-CR-0000614-1983; (2) four counts of robbery, two counts each of kidnapping and aggravated assault, and single counts of theft by unlawful taking, theft by receiving stolen property, and terroristic threats at CP-39-CR-0000560-1983; and (3) indecent assault and indecent exposure at CP-39-CR-0000561-1983. N.T. 9/26/84, 461-62. On September 9, 1985, the trial court sentenced Appellant to an aggregate term of twenty-one to forty-two years' imprisonment. N.T. 9/9/85, 16-19.

This Court treated a timely appeal from the judgments of sentence as a petition filed under the precursor act to the PCRA, the Post Conviction Hearing Act ("PCHA"), in which Appellant alleged that his trial counsel provided ineffective assistance for failing to object to the joinder of the underlying criminal matters. This Court remanded for an evidentiary hearing. **Commonwealth v. Young**, No. 2595 Philadelphia 1985 (Pa. Super., filed Aug. 21, 1986). Following that hearing, the trial court entered an order finding Appellant's ineffectiveness claim meritless. Appellant filed an appeal that we dismissed as untimely without prejudice to Appellant's right to petition the trial court for permission to appeal *nunc pro tunc*. Appellant thereafter filed a

- 3 -

petition for permission to appeal *nunc pro tunc* that the trial court heard and denied on December 27, 1994. N.T. 12/27/94, 57. Appellant filed an appeal from that order but later filed a *pro se* motion to withdraw that appeal, which this Court granted on November 27, 1995.

On November 28, 1995, Appellant filed a *pro se* PCRA petition that was considered timely filed because it was not governed by amendments to the PCRA that were enacted on November 17, 1995, and became effective sixty days thereafter. Following a hearing, the PCRA court denied the petition on June 30, 1997. Appellant filed a *pro se* appeal. On November 5, 1998, we affirmed. **Commonwealth v. Young**, 734 A.2d 442 (Pa. Super. 1998) (table) (3175 PHL 97). On May 18, 1999, our Supreme Court denied *allocatur*. **Commonwealth v. Young**, 739 A.2d 166 (Pa. 1999) (table) (1000 M.D.ALLOC. 1998).

On July 28, 1999, Appellant filed a *pro se* second PCRA petition. Counsel was appointed and filed an amended petition. Appellant *pro se* appealed the dismissal of the petition on October 12, 2000. On August 7, 2001, we affirmed the dismissal; while the PCRA court denied relief after finding that all of Appellant's issues were previously litigated, we affirmed on the basis that the petition was untimely. **Commonwealth v. Young**, 785 A.2d 1038 (Pa. Super. 2001) (table) (3155 EDA 2000).

Over the next nine years, Appellant unsuccessfully litigated five more *pro se* PCRA petitions and this Court affirmed the dismissals in each instance. **See Commonwealth v. Young**, 996 A.2d 18 (Pa. Super. 2010) (table) (1041

- 4 -

EDA 2009) (seventh PCRA petition); ***Commonwealth v. Young***, 954 A.2d 45 (Pa. Super. 2008) (table) (1305 EDA 2007) (sixth PCRA petition), ***allocatur denied***, 960 A.2d 840 (Pa. 2008) (table) (464 MAL 2008); ***Commonwealth v. Young***, 889 A.2d 120 (Pa. Super. 2005) (table) (363 EDA 2005) (fifth PCRA petition); ***Commonwealth v. Young***, 863 A.2d 1234 (Pa. Super. 2004) (table) (1017 EDA 2004) (fourth PCRA petition); ***Commonwealth v. Young***, 833 A.2d 1153 (Pa. Super. 2003) (table) (213 EDA 2003) (third PCRA petition), ***allocatur denied***, 847 A.2d 1285 (Pa. 2004) (table) (808 MAL 2003).

In the ensuing eight years, Appellant unsuccessfully litigated three *pro se* petitions styled as petitions for writ of *habeas corpus* and appeals from the dismissals of those petitions. ***See Commonwealth v. Young***, 203 A.3d 299 (Pa. Super. 2018) (table) (1119 EDA 2018) (ninth PCRA petition), ***allocatur denied***, 214 A.3d 232 (Pa. 2019) (table) (841 MAL 2018); ***Commonwealth v. Young***, 169 A.3d 1163 (Pa. Super. 2017) (table) (1668 EDA 2016) (eighth PCRA petition); ***Commonwealth v. Young***, 125 A.3d 438 (Pa. Super. 2015) (table) (2426 EDA 2014) (*habeas* petition). While we agreed that the first of those petitions was properly presented as a *habeas* petition, given the nature of the claim presented in that petition, we affirmed the dismissal of the latter two petitions as untimely eighth and ninth PCRA petitions. ***See Commonwealth v. Young***, 2018 WL 6427150, *1-2 (Pa. Super., filed Dec. 7, 2018); ***Commonwealth v. Young***, 2017 WL 1372852, *2-3 (Pa. Super., filed Apr. 13, 2017); ***Commonwealth v. Young***, 2015 WL 6949333, *1-2

(Pa. Super., filed July 7, 2015). Appellant subsequently filed a *pro se* motion for discovery that the PCRA court denied on July 11, 2022. Appellant appealed the denial of that motion and later filed a petition to discontinue that appeal on November 7, 2022. Appellate Docket for **Commonwealth v. Young**, No. 1916 EDA 2022.

While the appeal from the denial of the discovery motion was still pending, Appellant filed the *pro se* petition, styled as a petition for writ of *habeas corpus,* that is the focus of this appeal. In it, he alleged that he was illegally confined because his due process rights and his right to counsel were violated when he was deprived of counsel for his 1997 appeal from the denial of his first petition filed pursuant to the PCRA. *Pro Se Habeas* Petition, 7/26/22, ¶¶ 8-20.[1] He asserted that the counsel appointed for the litigation of the first PCRA petition was never permitted to withdraw from representation prior to his uncounseled appeal from the dismissal of that petition. **Id.** at ¶¶ 20-21. He additionally asserted that counsel at the time of the denial of the first PCRA petition abandoned him by failing to file a timely notice of appeal and was "constitutionally ineffective." **Id.** at ¶¶ 28-29, 33.

---

[1] Although the petition was time-stamped and docketed on August 2, 2022, we shall deem it to have been filed on July 26, 2022, when Appellant provided it to prison authorities for mailing. **See Commonwealth v. Jones**, 700 A.2d 423, 425-26 (Pa. 1997) (discussing the prisoner mailbox rule and applying it to all appeals by *pro se* prisoners); **Commonwealth v. Little**, 716 A.2d 1287, 1289 (Pa. Super. 1998) (holding that the prisoner mailbox rule applies to petitions under the PCRA).

On August 23, 2022, Appellant filed a motion for leave to amend his *habeas* petition with an attached supplemental amended petition, in which he asserted an additional claim that post-trial counsel abandoned him by not filing a requested direct appeal. *Pro Se* Amended *Habeas* Petition, 8/23/22, ¶¶ 5-6, 14-16. The lower court treated Appellant's petition as an untimely PCRA petition, based on the nature of the claims included in it, and issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Rule 907 Notice, 8/30/22, 1-2 & nn.1-2. After Appellant filed a *pro se* response, the lower court denied his motion for leave to amend his petition and dismissed the petition. *Pro Se* Response to Rule 907 Notice, 9/2/22; Dismissal Order, 9/30/22; Amended Dismissal Order, 10/5/22. Appellant timely filed separate notices of appeal in each of his underlying criminal matters. Notices of Appeal, 10/12/22.

Appellant presents the following question for our review:

> Whether the [PCRA c]ourt abused its discretion in dismissing Appellant's [p]etition for *[h]abeas [c]orpus* [r]elief[,] alleging he is illegally confined on the basis of a Post Conviction proceeding that violated [d]ue [p]rocess because it was uncounseled in violation of the [r]epresentation requirement?

Appellant's Brief at 3 (suggested answer omitted).

Appellant asserts that prior appointed counsel abandoned him by not filing counseled appeals from the dismissals of his first two petitions filed pursuant to the PCRA. Appellant's Brief at 11-12. He argues that those attorneys were *per se* ineffective. **Id.** at 11-13. For cognizability purposes,

he alleges that his claims of counsel abandonment "fall[ ] outside the PCRA statutory scheme." *Id.* at 14 ("the right to counsel afforded by the Sixth Amendment to the Constitution of the United States falls outside the statutory framework of the PCRA jurisdiction when an individual is incarcerated in a state facility."). He equates the alleged failures to pursue prior counseled PCRA appeals with a forfeiture of the right to direct review. *Id.* at 15 ("it is undisputed that [prior counsels'] failure to properly understand the law, or failed to abide by it, lead to the forfeiture of Appellant's right to direct appeal of his convictions."). He reasons that because Article I, Section 11 of the Pennsylvania Constitution provides that "[a]ll courts shall be open," the interests of justice require that the courts should provide him a remedy for his counsel abandonment/due process issues and that *habeas corpus* "is the only remedy available to fulfill th[at] role." *Id.* at 16. Accordingly, he argues that the lower court erred by dismissing his petition as an untimely PCRA petition. *Id.* at 18-19.

Our scope and standard of review when reviewing the denial of a PCRA petition are well-settled:

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

Appellant's assertion that the lower court erred by treating his petition as a PCRA petition fails as a matter of law. Controlling precedent from our Supreme Court holds that a PCRA court cannot review a claim under Pennsylvania's writ of *habeas corpus* where a claim is time-barred under the PCRA. *See Commonwealth v. Taylor*, 283 A.3d 178, 188 (Pa. 2022) ("squarely reject[ing]" Taylor's assertion that a judicial bias claim must be cognizable under state *habeas corpus* because the claim did not qualify for review under a PCRA timeliness exception); *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 737-38 (Pa. 2003) (finding no merit to assertion that, "even if [petitioner's] claims are time-barred under the PCRA, the PCRA court should have used its inherent power under common law to review his claims under Pennsylvania's writ of *habeas corpus*"); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (rejecting argument that "even if [petitioner's] claims are barred as untimely, his claims are entitled to review under our Commonwealth's *habeas corpus*").

Significantly, Section 9542 of the PCRA provides:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter **shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*** and *coram nobis*. This subchapter is not intended to limit the

availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S. § 9542 (emphasis added). "The plain language of [Section 9542] demonstrates quite clearly that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act." ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original); ***see Commonwealth v. Gillins***, --- A.3d ----, 2023 WL 5314740, *4 (Pa. Super., filed Aug. 18, 2023) (quoting that portion of ***Hall***); ***see also Commonwealth v. Fantauzzi***, 275 A.3d 986, 995 (Pa. Super. 2022) ("a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.") (citation omitted).

Concerning the lower court's treatment of Appellant's petition, the question for us is whether Appellant's substantive claims at issue were cognizable under the PCRA. Here, Appellant's claims address allegations of ineffective assistance of counsel, counsel abandonment, the denial of Appellant's constitutional right to counsel, and notions that, because of prior counsel's failures to file counseled appeals with respect to prior actions under the PCRA, Appellant sustained violations of his right to due process. As these claims are all cognizable under the PCRA, the lower court properly treated Appellant's petition as a PCRA petition. ***See*** 42 Pa.C.S. § 9543(a)(2)(i)-(ii); ***see also Commonwealth v. Bennett***, 930 A.2d 1264, 1274-75 (Pa. 2007)

- 10 -

(holding that Bennett was entitled to the application of an exception to the PCRA's time-bar for his claim that prior counsel abandoned him by failing to file an appellate brief); *Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) (Sixth Amendment claim alleging ineffective assistance of counsel raises issue cognizable under the PCRA even if the underlying claim of error has been previously litigated); *Commonwealth v. McLaughlin*, 240 A.3d 980, 983 (Pa. Super. 2020) ("Due process violations are cognizable under the PCRA as 'violation[s] of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'"), *citing* 42 Pa.C.S. § 9543(a)(2)(i).

The next question for us is whether the PCRA court properly denied the petition for lack of jurisdiction because the petition was untimely. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) ("Jurisdictional time limits go to a court's right or competency to adjudicate a controversy."). The PCRA requires that all petitions be filed within one year of the date on which the judgments of sentence became final unless the petitioner proves that one or more enumerated exceptions applies. 42 Pa.C.S. § 9545(b)(1); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); *Commonwealth v. Beasley*, 741 A.2d 1258, 1260 (Pa. 1999); *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (a PCRA petitioner must explain "in the petition itself" why a claim that is untimely on

- 11 -

its face is nevertheless cognizable because a statutory exception applies).  The

statutory exceptions are that:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner seeking to prove the applicability

of a time-bar exception must also allege and prove that he filed his petition

within one year of the date his time-bar exception claim first could have been

presented.  42 Pa.C.S. § 9545(b)(2); **see also** 42 Pa.C.S. § 9545(b)(1) (the

PCRA's timeliness provision applies to any PCRA petition "including a second

or subsequent petition").

The PCRA's timeliness requirements are mandatory and apply to all

PCRA petitions.  **Fahy**, 737 A.2d at 222 (the PCRA's time limits "are mandatory

and interpreted literally; thus, a court has no authority to extend filing periods

except as the statute permits").  Where a petition is untimely filed and a

petitioner has failed to plead and prove the applicability of an exception to the

PCRA's time-bar, a PCRA court must dismiss the petition for lack of jurisdiction

and forgo analysis of the merits of the underlying claims of relief presented in the petition. *Gamboa-Taylor*, 753 A.2d at 783 (where a PCRA petition is not timely filed and is not eligible for an exception, the PCRA court lacks authority to address the substantive merits of the petitioner's claims); *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition).

While maintaining below that his petition was reviewable as a *habeas* petition, Appellant made no efforts to demonstrate that the instant petition was timely filed for purposes of the PCRA. It was clearly untimely where this Court already affirmed the dismissals of at least eight prior PCRA petitions from Appellant on timeliness grounds. *See supra* pgs. 4-5. He also failed to plead and offer to prove the applicability of any exceptions to the PCRA's time-bar in his petition. *Pro Se Habeas* Petition, 7/26/22, ¶¶ 37-38 ("Petitioner's claim that his PCRA proceeding was uncounseled and unfair is a unique claim which falls outside the PCRA statutory scheme … The right to counsel afforded by the Sixth Amendment to the Constitution of the United States falls outside the statutory framework of the PCRA…"); *Pro Se* Amended *Habeas* Petition, 8/23/22, ¶¶ 18-19 (same allegation that Appellant's claim concerning the abandonment by his prior counsel or the deprivation of his constitutional right to counsel were "outside the PCRA statutory scheme" or "outside the statutory framework of the PCRA").

Because Appellant failed to plead and prove the applicability of any of the three statutory exceptions to the PCRA's time-bar, the PCRA court lacked jurisdiction to review his petition.

On appeal, Appellant provides us with no basis to conclude that the PCRA court erred by dismissing his petition as an untimely PCRA petition. He cites our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) – an opinion which recognized that a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, after the denial of PCRA relief, and after obtaining new counsel or acting *pro se* – and asserts that the issuance of the **Bradley** opinion prompted the filing of his petition. Appellant's Brief at 14. We have held, however, that "[n]othing in **Bradley** creates a right to file a [serial] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023), **citing Bradley**, 261 A.3d at 403-04 & n.18 (unambiguously rejecting the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel).

In arguing that his instant claim should be reviewable in a *habeas* petition, Appellant cites our Supreme Court's prior decisions in **Commonwealth v. West**, 938 A.2d 1034 (Pa. 2007), and **Commonwealth v. Judge**, 916 A.2d 511 (Pa. 2007). Appellant's Brief at 14. While the Supreme Court recognized that claims in those cases were outside the ambit

of the PCRA and thus reviewable for *habeas* purposes, those cases are inapposite and provide Appellant no support. **See West**, 938 A.2d at 1044 (concluding that a challenge to the validity of West's judgment of sentence after the Commonwealth delayed incarceration for nine years was not cognizable under the PCRA); **Judge**, 916 A.2d at 520 (concluding that the "[a]ppellant's claim concerning his deportation from Canada to face a death sentence falls outside the intended scope of the PCRA," noting that the question was one of international law). The claims raised in those cases may be distinguished from Appellant's proposed ineffective assistance of counsel claims which involved alleged failures to file requested appeals which are clearly within the scope of the PCRA eligibility requirements. **See, e.g., Commonwealth v. Lantzy**, 736 A.2d 564, 569-70 (Pa. 1999) (holding that a claim alleging ineffective assistance of counsel for failing to file a requested appeal is cognizable under the PCRA).

Appellant also argues that the application of the PCRA's time-bar is unconstitutional as applied to him because it deprives him of a remedy in violation of Article I, Section 11 of the Pennsylvania.[2] Appellant's Brief at 15-16. To the contrary, however, Appellant **could have had** review of prior claims of counsel abandonment presuming that he raised the claims in a timely

_____

[2] "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. I, § 11.

manner after the abandonments had allegedly occurred. His prior failures to promptly raise any counsel abandonment claims did not convert his claims into *habeas corpus* claims or constitute a violation of the Remedies Clause. ***See Commonwealth v. Turner***, 80 A.3d 754, 770-71 (Pa. 2013) (holding Remedies Clause did not require a court to afford a remedy to a petitioner who failed to utilize PCRA procedures to seek relief during time petitioner was statutorily eligible).

Here, where Appellant's underlying claims alleging ineffective assistance of counsel, prior counsel abandonment, and constitutional violations resulting from a deprivation of the right to counsel on prior PCRA appeals were undoubtedly within the ambit of the PCRA, Appellant needed to plead and prove the applicability of a time-bar exception in his petition to obtain substantive review. Having failed to make any assertion of a time-bar exception below due to his continued and incorrect insistence on the availability of state *habeas* review, Appellant failed to establish any basis for jurisdiction. Accordingly, the PCRA court properly dismissed his petition as an untimely tenth PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2023