J-S27022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARL LANE | : | |
| | : | |
| Appellant | : | No. 2836 EDA 2024 |

Appeal from the PCRA Order Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004739-2014

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 4, 2025**

Earl Lane appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and partial procedural history are as follows: On September 15, 2015, Lane entered a guilty plea to possession with intent to deliver a controlled substance and a firearm violation. The trial court sentenced Lane on November 9, 2015, to an aggregate sentence of three to ten years of incarceration. Lane filed a timely motion for reconsideration of sentence, which the trial court denied. Lane appealed, and on January 27, 2017, the Superior Court of Pennsylvania affirmed his judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

*Commonwealth v. Lane*, 160 A.3d 268 (Pa. Super. 2017) (non-precedential

decision).  Lane did not seek further review.

On July 3, 2023, Lane filed the *pro se* PCRA petition at issue, and the

PCRA court appointed counsel.[1]  The PCRA court summarized the subsequent

procedural history as follows:

> On February 9, 2024, because [Lane's] appointed counsel
> had failed to file an amended PCRA petition as ordered, [the PCRA
> court] appointed new counsel.  Newly appointed counsel filed an
> amended petition on April 11, 2024, claiming that newly
> discovered evidence of police misconduct established that [Lane]
> "was effectively coerced into accepting a guilty [plea] because of
> a tainted investigation and raid."  The petition also raised a claim
> of ineffective assistance of counsel based on the alleged failure to
> convey a plea offer.
>
> At a June 7, 2024 status listing, PCRA counsel was informed
> that [Lane] would finish serving his sentence on June 11, 2024,
> and therefore would no longer be eligible for relief under the PCRA.
> Counsel sought to argue that [Lane] was entitled to equitable
> tolling under the PCRA and was granted a continuance to provide
> the [PCRA court] with case law supporting his position.  To date,
> he has not done so.  Counsel did, however, file a letter brief on
> August 8, 2024, claiming that if [the PCRA court] found that the
> PCRA afforded [Lane] no relief because of the completed

_____

[1] As recognized by the Commonwealth, because the relief Lane sought was
cognizable under the PCRA, Lane's 2023 petition, filed years after his
judgment of sentence became final in 2017, is patently untimely.  Lane has
not acknowledged, let alone established, a time-bar exception.  **See**
Commonwealth's Brief at 7-8.  Nonetheless, we address his claim that his
filing should be considered a petition for *coram nobis* relief.  **See infra**.

We also note Lane's contention that he filed a writ of habeas corpus in
December 2022 in which he raised his newly-discovered evidence claim.  **See**
Lane's Brief at 17.  Our review of the record reveals that with this filing Lane
only sought additional credit for time served, thereby allowing him to reach
his maximum sentence date earlier.

sentence, the petition should nonetheless be granted as a petition for *coram nobis*. The Commonwealth filed its opposition on September 9, 2024. On October 18, 2024, after having given notice pursuant to Pa.R.Crim.P. 907, this Court dismissed [Lane's] petition without a hearing.

PCRA Court Opinion, 11/18/24, at 2 (citations omitted). This timely appeal followed. Both Lane and the PCRA court have complied with Appellate Rule 1925.

Lane raises the following issue on appeal:

1. Did the PCRA court err and was dismissal of [Lane's] PCRA Petition/Petition *Coram Nobis* without a hearing not supported by the [r]ecord and free from legal error because [Lane] learned of newly-discovered evidence in relation to corrupt police officers, James Gist and John Mouzon, and their involvement in [Lane's] case induced a plea when [Lane] was innocent of the crimes for which he was charged and [Lane] was diligent in pursuing collateral relief and should be afforded the opportunity for redress of grievances pursuant to the First Amendment of the United States Constitution and Article I, Section 20 of the Pennsylvania Constitution despite the fact that [Lane] is no longer serving a sentence?

Lane's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant

is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In order to be eligible for relief under the statute, a PCRA petitioner must have been "convicted of a crime under the laws of this Commonwealth and is at the time the relief is granted . . . currently serving a sentence of imprisonment or probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, a petitioner becomes ineligible for relief under the PCRA regardless of whether he was serving his sentence when he filed the petition. *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009).

In support of his issue, Lane argues that he was diligent in pursuing his post-conviction claim of police misconduct and faults prior appointed counsel for failing to file a timely amended PCRA petition. *See* Lane's Brief at 17. He further asserts that there are "collateral effects associated with" his conviction and he cannot "seek his Constitutional right to redress of grievances under the First Amendment and due process related to the Ninth Amendment" because he alleges his prosecution was "tainted by corrupt police personnel." *Id.* Finally, to the extent that this Court determines his claims are not

cognizable under the PCRA, he asks that we consider his filing as a petition for *coram nobis*.

Here, the PCRA court found no merit to Lane's claim because his "argument is unsupported by the plain language of the PCRA and the accompanying case law." PCRA Court Opinion, 11/18/24, at 3. The court then explained:

> The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. A writ of *coram nobis* is a "rarely used mechanism" that is used "to challenge the validity of a judgment based on facts not before the court when the judgment was entered." ***Commonwealth v. McLaughlin***, 240 A.3d 980, 982 (Pa. Super. 2020)(quoting ***Commonwealth v. Descardes***, 136 A.2d 493, 494 n.1 (Pa. 2016). Although it "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and cannot seek habeas relief," a petitioner may not simply recast a claim otherwise cognizable under the PCRA as a petition for *coram nobis* relief to evade the dictates of the PCRA:
>
> > [T]he law prohibits petitioners from using *coram nobis* as an end around the PCRA. To explain, it is well settled that where a petitioner's claim is cognizable under the PCRA, the PCRA is the only means of obtaining collateral review. The fact that PCRA relief is no longer available does not mean that *coram nobis* becomes a viable avenue for [post-conviction] relief. It the claim was cognizable under the PCRA, it cannot be revived through a writ of *coram nobis.*
>
> ***Id.*** at 982-983 (quotations and citations omitted).

PCRA Court Opinion, 11/18/24, at 3-4. Applying the above case law to Lane's claims—coerced guilty plea, ineffective assistance of counsel, and newly-discovered evidence—the PCRA court found that, because all of these claims

were cognizable under the PCRA, Lane was no longer eligible for relief under that statute: "Because [Lane] is no longer serving the contested sentence he is ineligible for relief." *Id.* at 5.[2]

Our review of the record supports the PCRA court's conclusions. *See*, *e.g.*, *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (holding that a petitioner may not seek relief by way of a writ of *coram nobis* "merely because the PCRA refuses to remedy a petitioner's grievance"); *Commonwealth v. Fiore*, 665 A.2d 1185, 1192 (Pa. Super. 1995) (allowing a post-conviction petitioner to petition for a writ of *coram nobis* without satisfying the eligibility requirements of the PCRA, improperly creates a second means of obtaining collateral relief, which contravenes the legislative intent that the PCRA be the sole means of obtaining such relief).

Moreover, Lane's reference to a violation of both the federal and state constitutions is wholly undeveloped. Other than citing the constitutional provisions, Lane provides no other argument. Thus, Lane's constitutional claims are waived and we need not consider them further. *See Commonwealth v. Spotz*, 18 A.3d 244, 323 (Pa. 2011) (holding that undeveloped claims will not be considered on appeal).

_____

[2] As recognized by the Commonwealth, because the relief Lane sought is cognizable under the PCRA, the petition at issue was filed years after his judgment of sentence became final in 2017, it is patently untimely. Lane has not acknowledged, let alone established, a time-bar exception. *See* Commonwealth's Brief at 7-8. Nonetheless, we address why his claim cannot be considered as a petition for *coram nobis* relief.

- 6 -

Finally, we note that, although Lane complains about the "collateral effects" of his conviction, it is now well settled that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. ***Williams***, 977 A.2d at 1176 (citation omitted).

For all of the above reasons, Lane is ineligible for post-conviction relief. We therefore affirm the PCRA court's order denying his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/4/2025